REQUESTED BY: Patrick Kelly, Sarpy County Attorney.
Are the functions of the County Surveyor under section23-1901, R.R.S. 1943, and those of the County Highway Superintendent under section 39-1501 in conflict?
Is the Highway Superintendent under the control of the County Surveyor?
No.
No.
The provision of section 23-1901 relative to the surveyor being ex officio county engineer in counties over 50,000 population has been substantially the same since 1905. It should be noted that his duties under section23-1901 are in effect, limited to the practice of the profession engineering. The office, under the pre-1957 highway laws, was called County Highway Commissioner, and apparently contained some elements of both the present engineer and the present superintendent. For example, the 1952 reissue of the Revised Statutes of Nebraska, section 39-501 provided for the appointment of the county surveyor as the county highway commissioner in counties of less than 50,000, while section 39-502 provided that in counties of more than 50,000, the surveyor is ex officio highway commissioner. But the duties of the commissioner were much closer to those of the present superintendent. It would appear, therefore, that the various recodifications and amendments of these sections have caused the appearance of a conflict by reason of the fact that under present law, section 23-1901, R.R.S. 1943 continues the provision that the county surveyor shall be ex officio county engineer in counties with a population greater than 50,000, while section 39-1501, R.R.S. 1943, provides that the county board shall appoint and fix the salary of the county highway superintendent in counties having a population of less than 100,000 inhabitants.
There would appear to be a distinction between the two functions, however, under the current law. It should be noted that section 39-1501 deals with the duties and prerogatives of the county board, subsection 1 of which gives them general supervision over all the duties and responsibilities of the county highway superintendent with power to make policy and regulations. Similarly, section 39-1507, R.R.S. 1943 provides that the superintendent shall have control, government and supervision of the public roads and bridges under the general supervision and control of the county board. And, under section 39-1508, R.R.S. 1943, the superintendent has responsibility for annual programs for proposed construction repair, maintenance, financing, and material purchases. These administrative duties appear to be consistent with the general administrative duties of the county board, and subsidiary thereto. As previously pointed out, the county engineer's duties are the practice of the engineering profession in connection with highway construction. The nearest thing to an actual conflict is provided by section 39-1511, R.R.S. 1943, which gives the superintendent superintendence over construction of roads. However, that section goes on to say that all bills for payment of work on county roads, bridges, culverts or ditches should be approved by the superintendent before being allowed by the county board, thus leading to the conclusion that the entire section deals not with the practice of engineering by the superintendent, but instead the performance of administrative functions.
It is therefore our conclusion that there is no conflict in the statutory provisions dealing with county surveyors and those dealing with county superintendents, since they are exercising separate and distinct functions. We do not believe, when the offices are filled by different persons, that the county highway superintendent is under the direction and control of the county surveyor-county engineer. The superintendent is clearly under the direction and control of the county board, and is in effect, their manager.